IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS, CO., LTD., | § | CIVIL ACTION NO. 9:02cv58 |
| | § | Judge Hannah |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SANDISK CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT SANDISK CORPORATION'S
## ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant SanDisk Corporation ("SanDisk") answers the Complaint of Samsung Electronics, Co., Ltd. ("Samsung") as follows:

1.  SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 1.

2.  SanDisk admits that it is organized under the laws of Delaware and that its principal place of business in Sunnyvale, California. SanDisk denies the remaining averments contained in Paragraph 2.

3.  In answer to Paragraph 3 of the Complaint, SanDisk states as follows: SanDisk admits that this Court has subject matter jurisdiction, but denies that SanDisk infringes Samsung's patents.

4.  SanDisk denies the averments contained in Paragraph 4 of the Complaint.



5. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 5.

6. In answer to Paragraph 6 of the Complaint, SanDisk states as follows: SanDisk admits that flash memory products can be removable memory cards that can be found in digital cameras, digital music players, digital camcorders, handheld PCs, eBooks, and newer cellular phone technology, as well as other emerging products but denies the remaining averments of Paragraph 6.

7. In answer to Paragraph 7 of the Complaint, SanDisk states as follows: SanDisk admits that it manufactures and supplies flash memory cards in consumer, OEM, and industrial markets. SanDisk also admits that one of its products is the CompactFlash™ but denies that the CompactFlash, or any other product distributed by SanDisk, infringes any Samsung patents.

8. SanDisk admits that it sells memory products through intermediaries, including wholesalers, distributors, value-added resellers, and retailers. SanDisk admits that the retailers that sell its flash memory cards are located throughout the United States and that some of these retailers may reside in the Eastern District of Texas. SanDisk admits that retailers that sell its flash memory cards may include Circuit City, K-Mart, Office Depot, Target, Sears, Office Max, Staples, Eckerd drug stores, and Walgreen. SanDisk denies the remaining averments contained in paragraph 9.

9. SanDisk admits that it has sold flash memory cards to original equipment manufacturers ("OEMs"), including Cannon, Hewlett-Packard, Fujitsu, Motorola, Kodak, Panasonic, and Polaroid. SanDisk admits that it sells flash memory cards to private label partners that re-brand the SanDisk products under a different trade name. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 9.

10. In answer to Paragraph 10 of the Complaint, SanDisk states as follows: SanDisk admits that it markets, promotes, sells and offers for sale certain types of flash memory products in Texas. SanDisk admits that it uses distributors and manufacturer representatives to sell its products in Texas. However, SanDisk specifically denies that it has a direct sales office in Texas, and denies the remaining allegations of paragraph 10.

11. In answer to Paragraph 11 of the Complaint, SanDisk states as follows: SanDisk admits that it sells its flash memory products on Amazon.com's Internet website. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the other averments contained in Paragraph 11.

12. In answer to Paragraph 12 of the Complaint, SanDisk states as follows: SanDisk admits that it markets, promotes, sells, offers for sale, or leases its flash memory products throughout the United States, which may include the Lufkin Division. However, SanDisk denies that it "directly" markets, promotes, sells, offers for sale, or lease its flash memory products in the Lufkin Division. SanDisk admits that it employs wholesalers, distributors, value-added resellers and retailers to market, promote, sell, offer for sale, or lease its flash memory cards. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 12.

13. In answer to Paragraph 13 of the Complaint, SanDisk states as follows: SanDisk admits that it has sold and is currently selling CompactFlash™ cards and other products throughout the United States, which may include the Lufkin Division, but denies that it "directly" sells its products in the Lufkin Division. SanDisk also admits that it employs a variety of means, including wholesalers, distributors, value-added resellers and retailers, to sell its flash memory products. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 13.

14. In answer to Paragraph 14 of the Complaint, SanDisk states as follows: SanDisk admits that its flash memory products, including the CompactFlash™ product line have been sold and are currently being sold throughout the United States, which may include the Lufkin Division. SanDisk also admits that it employs a variety of means, including wholesalers, distributors, value-added resellers and retailers, to sell its flash memory products. SanDisk further admits that, under certain conditions, retail outlets have the right to return any unsold SanDisk flash memory product, including the CompactFlash™ product line, directly to SanDisk. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 14.

15. In answer to Paragraph 15 of the Complaint, SanDisk states as follows: SanDisk admits that its flash memory products, including the CompactFlash™ product line have been sold and are currently being sold throughout the United States, which may include the Lufkin Division. SanDisk also admits that it employs a variety of means, including wholesalers, distributors, value-added resellers and retailers, to sell its flash memory products. SanDisk further admits that, under certain conditions, retail outlets have the right to return any unsold SanDisk flash memory product, including the CompactFlash™ product line, directly to SanDisk. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 15.

16. In answer to Paragraph 16 of the Complaint, SanDisk states as follows: SanDisk admits that its flash memory cards, including the CompactFlash™ product line, have been incorporated into a variety of OEM products, including Kodak, Polaroid, Nikon and Hewlett-Packard digital cameras. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 16.

17. In answer to Paragraph 17 of the Complaint, SanDisk states as follows: SanDisk admits its flash memory cards, including the CompactFlash™ product line, have been promoted, advertised and offered for sale throughout the United States, may include the Lufkin Division. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 17.

18. SanDisk denies the averments contained in Paragraph 18.

19. In answer to Paragraph 19 of the Complaint, SanDisk states as follows: SanDisk admits that it has offered cash rebates on some flash memory products, including the CompactFlash™ product line to consumers throughout the United States. SanDisk also admits that during these promotional events, consumers can sometimes obtain rebate information and certificates for SanDisk's products from various retail outlets located throughout the United States. SanDisk further admits that rebate information can be found on SanDisk's Internet website. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 19.

20. In answer to Paragraph 20 of the Complaint, SanDisk states as follows: SanDisk admits that it has offered and continues to offer warranties on its flash memory products, including the CompactFlash™ product line. SanDisk also admits consumers can obtain warranty information and warranty registration material for SanDisk products at retail outlets in the United States that sell SanDisk flash memory products, including the CompactFlash™ product line. SanDisk also admits that warranty information and warranty registration materials for SanDisk flash memory products are included within the package of each retail SanDisk product sold. SanDisk also admits that warranty information and warranty registration materials for SanDisk flash memory products can be obtained from its Internet website. SanDisk lacks sufficient

knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 20.

21.     SanDisk denies that it offers a "five-year warranty on all of its flash memory products, including products in the CompactFlash™ product line." SanDisk admits that the warranty for some of its products includes, in part, the language recited in Paragraph 21 of the Complaint.

22.     SanDisk admits that the packaging containing its flash memory cards includes warranty registration materials. SanDisk admits that the warranty registration material includes a reference to the website URL for a SanDisk website. SanDisk denies the remaining averments in paragraph 22.

23.     In answer to Paragraph 23 of the Complaint, SanDisk states as follows: SanDisk admits that any consumer for its products who has access to the Internet has access to the website, which is located at http://www.sandisk.com/main.htm. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 23.

24.     In answer to Paragraph 24 of the Complaint, SanDisk states as follows: SanDisk admits that it has a website, run by a distributor, that allows any consumer with access to the Internet to shop for, order and purchase a full range of SanDisk's flash memory products. SanDisk also admits that no consumer with access to the Internet, including those located in the Lufkin Division, is prevented from accessing its website. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 24.

25.     SanDisk admits the averment of contained in paragraph 25.

26. SanDisk admits that its website, run by a distributor, provides warranty information related to SanDisk flash memory cards. SanDisk admits that no consumer with access to the Internet, including those located in the Lufkin Division, is prevented from accessing warranty information. SanDisk denies the remaining averments contained in paragraph 26.

27. SanDisk admits that its website, run by a distributor, allows consumers to register warranty information for its flash memory cards. SanDisk admits that no consumer with access to the Internet, including those located in the Lufkin Division, is prevented from accessing this information. SanDisk admits that registration of a flash memory card for warranty purposes requires an individual to complete several fields of inquiry and provide information to SanDisk, including the consumer's residence and where the SanDisk product was purchased.

28. In answer to Paragraph 28 of the Complaint, SanDisk states as follows: SanDisk admits that its website provides any consumer with access to the Internet, cash rebates and cash rebate information, and does not restrict access to any consumers, including those residing in the Lufkin Division. SanDisk also admits that the content of the URLs set forth in Paragraph 28 include the information set forth in Paragraph 28. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 28.

29. In answer to Paragraph 29 of the Complaint, SanDisk states as follows: SanDisk admits that the website referred to in Paragraph 29 provides any consumer with access to the Internet the information necessary to contact technical support staff via e-mail or telephone with questions regarding customer service or technical support relating to all of its products. SanDisk also admits that no consumer with access to the Internet, including those located in the Lufkin Division is prevented from accessing this information.

30. In answer to Paragraph 30 of the Complaint, SanDisk states as follows: SanDisk admits that the website located at the referenced URL includes the cited language and does not restrict any consumer with access to the Internet from accessing the website. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 30.

31. In answer to Paragraph 31 of the Complaint, SanDisk states as follows: SanDisk denies that consumers can download software upgrades for its flash memory cards. SanDisk admits that it does not restrict or otherwise prevent individuals residing in the Lufkin Division from accessing the website run by SanDisk's distributor. The remaining portion of paragraph 31 is ambiguous and, therefore, SanDisk does not possess sufficient information to respond to the remaining averments of the paragraph.

32. In answer to Paragraph 32 of the Complaint, SanDisk states as follows: SanDisk admits that it allows any consumer with access to the Internet the option to enroll in the quarterly product e-mail list distributed by SanDisk. SanDisk also admits that no consumer with access to Internet is prevented from receiving this list if he or she chooses to.

33. Except as specifically admitted in the preceding paragraphs, SanDisk denies the allegations of Paragraph 33 of the Complaint.

34. SanDisk realleges and incorporates herein its responses to Paragraphs 1-33 of the Complaint.

35. In answer to Paragraph 35 of the Complaint, SanDisk states as follows: SanDisk admits that Exhibit A to the Complaint appears to be a copy of United States Patent No. 5,473,563 ("the '563 patent") issued December 5, 1995 and assigned to Samsung Electronics, Inc. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 35.

36. SanDisk denies the averments contained in Paragraph 36 of the Complaint.

37. SanDisk denies the averments contained in Paragraph 37 of the Complaint.

38. SanDisk denies the averments contained in Paragraph 38 of the Complaint.

39. SanDisk denies the averments contained in Paragraph 39 of the Complaint.

40. SanDisk realleges and incorporates herein its responses to Paragraphs 1-39 of the Complaint.

41. In answer to Paragraph 41 of the Complaint, SanDisk states as follows: SanDisk admits that Exhibit B to the Complaint appears to be a copy of United States Patent No. 5,514,889 ("the '889 patent") issued May 7, 1996 and assigned to Samsung Electronics, Inc. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 41.

42. SanDisk denies the averments contained in Paragraph 42 of the Complaint.

43. SanDisk denies the averments contained in Paragraph 43 of the Complaint.

44. SanDisk denies the averments contained in Paragraph 44 of the Complaint.

45. SanDisk denies the averments contained in Paragraph 45 of the Complaint.

46. SanDisk realleges and incorporates herein its responses to Paragraphs 1-45 of the Complaint.

47. In answer to Paragraph 47 of the Complaint, SanDisk states as follows: SanDisk admits that Exhibit C to the Complaint appears to be a copy of United States Patent No. 5,546,341 ("the '341 patent") issued August 13, 1996 and assigned to Samsung Electronics, Inc. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 47.

48. SanDisk denies the averments contained in Paragraph 48 of the Complaint.

49. SanDisk denies the averments contained in Paragraph 49 of the Complaint.

50. SanDisk denies the averments contained in Paragraph 50 of the Complaint.

51. SanDisk denies the averments contained in Paragraph 51 of the Complaint.

52. SanDisk realleges and incorporates herein its responses to Paragraphs 1-51 of the Complaint.

53. In answer to Paragraph 53 of the Complaint, SanDisk states as follows: SanDisk admits that Exhibit D to the Complaint appears to be a copy of United States Patent No. 5,642,309 ("the '309 patent") issued June 24, 1997 and assigned to Samsung Electronics, Inc. SanDisk lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 53.

54. SanDisk denies the averments contained in Paragraph 54 of the Complaint.

55. SanDisk denies the averments contained in Paragraph 55 of the Complaint.

56. SanDisk denies the averments contained in Paragraph 56 of the Complaint.

57. SanDisk denies the averments contained in Paragraph 57 of the Complaint.

58. SanDisk realleges and incorporates herein its responses to Paragraphs 1-57 of the Complaint.

59. SanDisk denies the averments contained in Paragraph 59 of the Complaint

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

60. As a first and separate affirmative defense, SanDisk alleges that it has not infringed, directly or indirectly, literally or by the doctrine of equivalents, any valid claims of the '563, the '889, the '341, and the '309 patents.

### SECOND AFFIRMATIVE DEFENSE

61. As a second and separate affirmative defense, SanDisk alleges that the '563, the '889, the '341 and the '309 patents are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

62. As a third and separate affirmative defense, SanDisk alleges that Samsung's claim is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

63. As a fourth and separate affirmative defense, SanDisk alleges that Samsung has waived the claim it asserts in this Action.

## FIFTH AFFIRMATIVE DEFENSE

64. As a fifth and separate affirmative defense, SanDisk alleges that Samsung's claims are barred by its unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

65. As a sixth and separate affirmative defense, SanDisk alleges that Samsung's claims for patent infringement are barred in that SanDisk has license and/or sublicense rights (whether express or implied) to the '563, the '889, the '341, and the '309 patents.

## SEVENTH AFFIRMATIVE DEFENSE

66. As a seventh and separate affirmative defense, SanDisk alleges that Samsung's claims for patent infringement are barred by the doctrine of patent exhaustion.

## EIGHTH AFFIRMATIVE DEFENSE

67. As an eighth and separate affirmative defense, SanDisk alleges that Samsung has released any claim for infringement of the '563, the '889, the '341, and the '309 patents.

## COUNTERCLAIMS

## THE PARTIES

68. SanDisk is a Delaware corporation with its principal place of business in Sunnyvale, California.

69. On information and belief Samsung is a company duly organized under the laws of South Korea with its principal place of business located at 416 Maetan-3 Dong, Paldal-Gu, Suwon City, Kyungi-Do, Korea.

## JURISDICTION AND VENUE

70. This Court has subject matter jurisdiction over SanDisk's patent counterclaims pursuant to 28 U.S.C. § 1338(a), because those counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court has jurisdiction over SanDisk's counterclaim for breach of contract pursuant to 28 U.S.C. § 1332, because it is a controversy between SanDisk, a citizen of Delaware and California, and Samsung, a citizen of Korea, and the amount in controversy exceeds $75,000.

71. As alleged above in Paragraph 4, SanDisk contends that venue is improper in this District for Samsung's claims of patent infringement against SanDisk. Accordingly, within the next week, SanDisk will file a motion for transfer of venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Nevertheless, and in the event the Court denies SanDisk's motion for transfer of venue, SanDisk alleges that venue is proper for SanDisk's counterclaims because they are compulsory counterclaims. In that event, venue is proper in this District for SanDisk's declaratory judgment patent counterclaims pursuant to 28 U.S.C. § 1391(b) and 1400(b). SanDisk's counterclaim for breach of contract is proper in this District under 28 U.S.C. 1391(a)(2), in that a substantial part of the events giving rise to that counterclaim occurred in this District through Samsung's improper filing of a patent infringement action in this District in breach of its contractual obligations to SanDisk.

## FIRST COUNTERCLAIM

72. Samsung claims that it is the owner of the '563 patent; that the patent is valid; and that SanDisk infringes the patent.

73. SanDisk contends that the '563 patent is not valid and/or is not infringed. Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and SanDisk. SanDisk desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## SECOND COUNTERCLAIM

74. Samsung claims that it is the owner of the '889 patent; that the patent is valid; and that SanDisk infringes the patent.

75. SanDisk contends that the '889 patent is not valid and/or is not infringed. Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and SanDisk. SanDisk desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## THIRD COUNTERCLAIM

76. Samsung claims that it is the owner of the '341 patent; that the patent is valid; and that SanDisk infringes the patent.

77. SanDisk contends that the '341 patent is not valid and/or is not infringed. Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and SanDisk. SanDisk desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## FOURTH COUNTERCLAIM

78. Samsung claims that it is the owner of the '309 patent; that the patent is valid; and that SanDisk infringes the patent.

79. SanDisk contends that the '309 patent is not valid and/or is not infringed. Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and SanDisk. SanDisk desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## FIFTH COUNTERCLAIM

80. On October 3, 1995, Samsung sued SanDisk in the Northern District of California asserting that SanDisk's products infringed two Samsung patents, and seeking a declaration of invalidity and non-infringement as to five SanDisk patents, including SanDisk's U.S. Patent Nos. 5,172,338 and 5,418,752 (the "'338 patent" and "'752 patent," respectively).

81. In January 1996, SanDisk sued Samsung in the United States International Trade Commission ("ITC") alleging that Samsung infringed the '338 and '752 patents.

82. The litigation in the Northern District of California was stayed pending resolution of the ITC litigation.

83. On April 15, 1997, the ITC affirmed an administrative law judge's finding that certain Samsung flash memory devices infringed the '338 and '752 patents.

84. Following the ITC ruling in SanDisk's favor, the parties negotiated a Settlement and Patent Cross License Agreement (the "Agreement"). The Agreement resolved both the ITC case and the district court case filed by Samsung in the Northern District of California.

85. The Agreement provided SanDisk with a license to manufacture various types of flash memory products under Samsung's patents.

86. The parties agreed that the Agreement would be governed by the laws of the State of California, and agreed to jurisdiction in the Northern District of California for any action brought pursuant to the Agreement.

87. The Agreement has not been modified, rescinded or revoked by the parties since its effective date of August 14, 1997.

88. On March 5, 2002, Samsung filed suit against SanDisk in the Eastern District of Texas, Lufkin Division, alleging that certain nonvolatile semiconductor memory products made, used, sold, offered for sale, leased or imported by SanDisk infringe four United States patents assigned to Samsung.

89. The products named in Samsung's Complaint are covered by the Agreement.

90. Accordingly, Samsung's assertion of these patents against SanDisk's licensed products directly implicates the parties' Agreement, which directs that any such dispute must be litigated in the Northern District of California.

91. Paragraphs 1-90 are hereby incorporated by reference as if set forth fully herein.

92. The Agreement between SanDisk and Samsung is valid and subsisting.

93. SanDisk has substantially performed all of its duties under the Agreement.

94. Samsung has materially breached the express terms of the Agreement by filing a patent infringement suit against licensed SanDisk products in the Eastern District of Texas, Lufkin Division in violation of the express terms of the Agreement.

95. SanDisk has been and continues to be harmed by Samsung's breach of the express terms of the Agreement.

WHEREFORE, SanDisk requests that the Court enter judgment in their favor and against Samsung as follows:

(a) Denying the relief requested by Samsung's Complaint;

(b) For a declaration that the '563, the '889, the '341 and the '309 patents are invalid and not infringed by SanDisk;

(c) For a declaration that SanDisk's rights under the Settlement and Patent Cross License Agreement between SanDisk and Samsung dated August 14, 1997 are valid and subsisting;

(d) For a declaration that Samsung has breached the express terms of the Settlement and Patent Cross License Agreement between SanDisk and Samsung dated August 14, 1997;

(e) A preliminary and permanent injunction enjoining Samsung, its officers, agents, servants, employees, attorneys and those persons on active concert or participation with any of from any further breach of either the express or implied terms of the Settlement and Patent Cross License Agreement between SanDisk and Samsung dated August 14, 1997;

(f) A dismissal of Samsung's claims based on Samsung's improper selection of venue pursuant to the express terms of the Settlement and Patent Cross License Agreement between SanDisk and Samsung dated August 14, 1997;

(g) An award to SanDisk of damages in an amount adequate to compensate SanDisk for any and all damages resulting from Samsung's breach of the express and/or implied terms of the Settlement and Patent Cross License Agreement between SanDisk and Samsung dated August 14, 1997, and interest on that amount;

(h) An award to SanDisk of its attorney fees and costs; and

(i) Such other relief as the Court deems proper.

Dated: March 28, 2002

Respectfully submitted,

_____
Tracy Crawford
Attorney-In-Charge for Defendant
State Bar No. 05024000
RAMEY & FLOCK, P.C.
100 E. Ferguson St.
500 First Place
Tyler, TX 75702
Telephone: (903) 597-3301
Facsimile: (903) 597-2413

OF COUNSEL:
Michael A. Ladra
James C. Ottesen
James C. Yoon
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2002, copies of the foregoing **DEFENDANT SANDISK CORPORATION'S ANSWER TO COMPLAINT AND COUNTERCLAIMS** were served upon the following parties as indicated:

| | |
|---|---|
| George E. Chandler, Esq.<br>THE LAW OFFICES OF GEORGE CHANDLER<br>207 E. Frank Poland Professional Building<br>Post Office Box 340<br>Lufkin, Texas 75902<br>Bus: (936) 632-7778<br>Fax: (936) 632-1304 | ( ) Via First Class Mail<br>( ) Via Hand Delivery<br>(✓) Via Overnight Courier<br>(✓) Via Facsimile |
| Clayton E. Dark, Jr., Esq.<br>THE LAW OFFICES OF CLAYTON E. DARK JR.<br>Post Office Box 2207<br>Lufkin, Texas 75902<br>Bus: (936) 637-1733<br>Fax: (936) 637-2897 | ( ) Via First Class Mail<br>( ) Via Hand Delivery<br>(✓) Via Overnight Courier<br>(✓) Via Facsimile |
| R. W. ("Ricky") Richards, Esq.<br>THE RICHARDS LAW FIRM<br>Post Office Box 1309<br>Jacksonville, Texas 75766<br>Bus: (903) 586-2544<br>Fax: (903) 586-6529 | ( ) Via First Class Mail<br>( ) Via Hand Delivery<br>(✓) Via Overnight Courier<br>(✓) Via Facsimile |
| Claude E. Welch, Esq.<br>THE LAW OFFICES OF CLAUDE E. WELCH<br>Post Office Box 1574<br>Lufkin, Texas 75902<br>Bus: (936) 639-3311<br>Fax: (936) 639-3049 | ( ) Via First Class Mail<br>( ) Via Hand Delivery<br>(✓) Via Overnight Courier<br>(✓) Via Facsimile |

David J. Healey, Esq.
Anita E. Kadala, Esq.
WEIL, GOTSHAL & MANAGS LLP
700 Louisiana, Suite 1600
Houston, Texas  77002
Bus:   (713) 546-5000
Fax:   (713) 224-9511

( ) Via First Class Mail
( ) Via Hand Delivery
(✓) Via Overnight Courier
(✓) Via Facsimile

_____
TRACY CRAWFORD