FILED – CLERK
U.S. DISTRICT COURT

2002 JUN 25 AM 10: 41

EASTERN – LUFKIN

BY_____ D11

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| | § | |
| Plaintiff and | § | |
| Counterdefendant, | § | |
| | § | CIVIL ACTION NO. 9:02cv58 |
| v. | § | Judge Hannah |
| | § | |
| SANDISK CORPORATION, | § | **Oral Hearing Requested** |
| | § | |
| Defendant and | § | |
| Counterplaintiff. | § | |

## SAMSUNG ELECTRONICS CO., LTD.'S MOTION TO STRIKE
## SANDISK CORPORATION'S DEMAND FOR JURY TRIAL

In its answer to Samsung Electronics Co. Ltd.'s ("Samsung") amended complaint, SanDisk Corporation ("SanDisk") demanded a jury trial on "all issues so triable." Def. SanDisk Corp.'s Ans. to Am. Compl. and Am. Countercls., at p. 19, filed Apr. 26, 2002 (docket no. 41). Samsung herein files this motion to strike SanDisk's demand for jury trial because SanDisk has waived all such rights by making an untimely demand and because SanDisk has no right to a jury trial on any of the patent issues presented by this case.

### I. ARGUMENT AND AUTHORITIES

#### A. SANDISK'S UNTIMELY DEMAND CONSTITUTES A WAIVER OF ANY RIGHT TO JURY TRIAL

A request for jury trial must be timely (that is, made within 10 days after the service of the last pleading directed to the issue which requires resolution by a jury), or it is waived. *See*

CASE NO. 9:02CV58
SAMSUNG ELECTRONICS CO. LTD.'S MOTION TO STRIKE SANDISK'S CORP.'S DEMAND FOR JURY TRIAL

which a jury trial might be required to make a demand for jury trial; SanDisk has thus waived its right to a jury trial. *See Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1063-64 (5th Cir. 1990) (a demand for jury trial made more than ten days after all issues requiring jury trial were joined is untimely and results in waiver of right to demand a jury trial under rule 38(b))[1]; *Moore v. United States*, 196 F.2d 906, 908 (5th Cir. 1952) (no error in denying the plaintiff's demand for a jury trial that was not made with original answer or within ten days thereafter).

There is no excuse for SanDisk's failure to timely request a jury trial. Samsung's original

Fed. R. Civ. P. 38 ("The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of a trial by jury."). SanDisk's failure to timely demand a jury trial in this case constitutes a waiver pursuant to Rule 38.

Samsung filed its original complaint in this matter on March 5, 2002 (docket no. 1). SanDisk answered and asserted affirmative defenses and counterclaims (including its counterclaim for breach of contract) on March 28, 2002 (docket no. 16). *SanDisk made no request for trial to a jury with its original answer*, affirmative defenses and counterclaims. Instead, SanDisk waited *nearly thirty days* after the filing of its original answer, affirmative defenses and counterclaims, until April 26, 2002, to request a jury trial. *See* Def. SanDisk Corp.'s Ans. to Am. Compl. and Am. Countercls., at p. 19, filed Apr. 26, 2002 (docket no. 41).

SanDisk's demand for jury trial was well beyond the time allowed by Federal Rule of Civil Procedure 38 which allows only ten days after the filing of pleadings directed to issues on which a jury trial might be required to make a demand for jury trial; SanDisk has thus waived its right to a jury trial. *See Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1063-64 (5th Cir. 1990) (a demand for jury trial made more than ten days after all issues requiring jury trial were joined is untimely and results in waiver of right to demand a jury trial under rule 38(b))[1]; *Moore v. United States*, 196 F.2d 906, 908 (5th Cir. 1952) (no error in denying the plaintiff's demand for a jury trial that was not made with original answer or within ten days thereafter).

There is no excuse for SanDisk's failure to timely request a jury trial. Samsung's original and amended complaints raise precisely the same issues, and SanDisk original and amended

---

[1] Procedural challenges to a district court's application of Fed. R. Civ. P. 38 and 39 are "reviewed under the precedent of the pertinent regional circuit." *Tegal Corp. v. Tokyo Electron America, Inc.*, 257 F.3d 1331, 1341 (Fed. Cir. 2001), *cert. denied*, 122 S. Ct. 1297 (2002).

answers, affirmative defenses and counterclaims raise precisely the same issues. There is, therefore, no new issue of fact interposed between the pleadings which would justify SanDisk waiting until its amended answer to make its jury demand. *See Daniel Int'l Corp.*, 916 F.2d at 1064 (counterclaim which does not add new issues of fact or law does not restart the ten-day clock for timely request of jury trial).

Moreover, it is clear that SanDisk's failure to timely request a jury trial was not a mistake. In the period between SanDisk's filings, SanDisk was considering the effect of a jury trial in this case – but SanDisk's concern was not *its right* to a jury trial, but rather the possibility that Samsung might make a late request for jury trial and thus disrupt the scheduling of the case. Indeed the subject of a jury trial was expressly discussed at the parties' April 15, 2002, scheduling conference, and SanDisk made no mention of any desire to have this matter tried to a jury. *See* Hearing Tr. Scheduling Conf. before the Hon. Judge Hannah, Jr. (Apr. 15, 2002), at pp. 22, 48-50 (docket no. 28, tr. attached hereto as Ex. A).

Apparently SanDisk only decided it had to have a jury trial in this matter after the Court issued its April 24, 2002, scheduling order in this case (which rejected a number of SanDisk's requests on scheduling). It was only then that SanDisk began to take affirmative steps to delay this case by, for example, filing a completely duplicative action in the Northern District of California and, for the first time, making a demand for jury trial in this matter. *See* Ex. A to Samsung's Resp. to SanDisk Corp.'s Mot. for Reconsideration of the Court's April 24, 2002, Scheduling Order and for Modification of the Discovery Period and Deadlines, filed May 28,

2002 (docket no. 69) (SanDisk Complaint in the duplicative California Action); *and* Def.

SanDisk Corp.'s Ans. to Am. Compl. and Am. Counterclss. (April 26, 2002) (docket no. 41).[2]

Because SanDisk has failed to demand a jury trial within 10 days of its original answer

and counterclaims, and no new issues of fact have been raised by the subsequent pleadings in

this case, SanDisk waived its right to trial by jury on issues, if any, so triable.

### B.    SANDISK IS NOT ENTITLED TO A TRIAL BY JURY OF THE PATENT ISSUES IN THIS CASE BECAUSE SAMSUNG'S CLAIMS ARE EQUITABLE IN NATURE

Even if SanDisk has not waived its right to a jury trial by its untimely demand (which it

has), alternatively, the Court should strike SanDisk's demand for jury trial as to Samsung's

patent claims and SanDisk's affirmative defenses or counterclaims related to the patent claims.[3]

Samsung seeks only to enjoin SanDisk from future infringement of the '563, '889, and

'341 patents and has made no claim for damages. *See* Samsung's Compl. at ¶ 58-59, and Prayer

for Relief (docket no. 1) (Samsung's amended complaint made no change to that request.).[4]   It is

black letter law that "[n]o right to a jury trial arises if no jury issue is presented to the court." *In*

---

[2] SanDisk has not filed a motion to request a jury trial pursuant to Fed. R. Civ. P. 39.  However, even if SanDisk had so moved, under the test adopted by the Fifth Circuit in *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990), SanDisk clearly has no right to a jury trial in this case.  SanDisk's request for a jury trial seeks to disrupt the Court's scheduling of this case and to prejudice Samsung.  SanDisk's reasons for its delay in requesting a jury trial outside the ten day time limit are purely tactical – since the request for jury trial followed on the heels of a scheduling order SanDisk did not like.  These reasons, among others, strongly militate against granting a jury trial under rule 39, if SanDisk should so move.

[3] Samsung does not intend that its arguments in part I B apply to SanDisk's contract counterclaims, which (however unfounded) facially state issues which if they presented fact questions (which they do not) are theoretically triable to a jury.  Federal rule 39 makes clear that a court may strike a demand for jury trial as to "some or all of th[e] issues" presented by a case. Fed. R. Civ. P. 39.

[4] Samsung has dismissed its complaint regarding the '309 patent (*see* docket no. 87 and 89).

---

re *Texas General Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995).  Indeed, the Federal

Rules of Civil Procedure expressly so provide:

> The trial of all issues [for which a jury trial has been demanded] shall be by jury,
> unless . . . (2) the court upon motion or of its own initiative finds that a right of
> trial by jury of some or all of those issues does not exist under the Constitution or
> statutes of the United States.

Fed. R. Civ. P. 39(a).  Notwithstanding SanDisk's protestations that it has a constitutional and

due process right to trial by jury in this case,[5] the patent issues presented by this case are

equitable in nature only.  If there were any question regarding the equitable nature of this case, a

review of the Supreme Court and Federal Circuit Court guidance on how to determine when a

matter demands trial by jury makes clear that this case does not warrant a jury trial as to the

patent matters.

The Seventh Amendment of the United States Constitution guarantees that, for "Suits at

common law, . . . the right of trial by jury shall be preserved."  U.S. CONST. amend. VII.  This

language has been interpreted "to require a jury trial on the merits in those actions that are

analogous to 'Suits at common law.'"  *Tull v. United States*, 481 U.S. 412, 417 (1987).  To

determine whether any particular action is sufficiently analogous to a suit at common law so that

it must tried to a jury (upon proper request), courts must examine (1) the nature of the action

involved (relative to traditional common law actions), and (2) the nature of the remedy sought.

*See id.* at 417-18.

In the context of patent disputes, Federal Circuit has explained that an action in which

patentee chooses to seek only injunctive relief (even when damages might be available)

historically presents only an action in equity.  A "patentee facing past acts of infringement [who]

---

[5] *See, e.g.*, SanDisk's Reply Br. in Supp. of its Mot. for Reconsideration of the April 24, 2002,
Scheduling Order, filed June 4, 2002, at p. 1 (docket no. 82).

nevertheless sought *only* to enjoin future acts of infringement, . . . could only bring a suit in equity." *In re Lockwood*, 50 F.3d 966, 976 (Fed. Cir. 1995) (emphasis in original).[6]  Thus, historically, "it was the patentee who decided in the first instance whether a jury trial . . . would be compelled." *Id.*

Under the two-part test set out in *Tull*, and as explained in *Lockwood*, this action as filed by Samsung requires no trial to a jury.  However, in this case, SanDisk has answered by raising the affirmative defenses and counterclaims of, among other things, invalidity.  The imposition of defenses and counterclaims raises the question of whether those claims, independently, require resolution by a jury.  Fortunately, the Federal Circuit has recently put to rest any concern that affirmative defenses like invalidity require trial to a jury.  In *Tegal Corp. v. Tokyo Electron America, Inc.*, 257 F.3d 1331 (Fed. Cir. 2001), *cert. denied*, 122 S. Ct. 1297 (2002), the court concluded that where a defendant raises only affirmative defenses in response to a patentee's claim of infringement it "does not have a right to a jury trial in a patent infringement suit if the only remedy sought by the plaintiff-patentee is an injunction." *Id.* at 1341.

Although the issue of whether those same defenses raised by counterclaim would require trial to a jury was not addressed by the court in *Tegal*, recently a district court did directly address that question and denied a jury trial to a defendant who had raised both affirmative defenses and counterclaims in response to a plaintiff's claims for equitable relief.  *See Glaxco*

---

[6] Although the decision in *Lockwood* was vacated by the Supreme Court *sub nom* in *American Airlines, Inc. v. Lockwood*, 515 U.S. 1182 (1995), and therefore did not (after vacatur) represent binding precedential authority, the Federal Circuit recently adopted the reasoning of *Lockwood* in *Tegal Corp. v. Tokyo Electron America, Inc.*, 257 F.3d 1331, 1340 (Fed. Cir. 2001) (finding the reasoning in *Lockwood* "pertinent" to the analysis of a right to a jury trial in a patent case and "[a]pplying th[e] framework [set out in *Lockwood*] to the present case").

*Group Ltd. & Smithkline Beecham Corp., v. Apotex, Inc.*, No. 00-C-5791, 2001 WL 1246628, at *5 (N.D. Ill. Oct. 16, 2001).[7]

Indeed, the Federal Circuit (in *Tegal*) and the District Court for the Northern District of Illinois (in *Glaxo*) have both recognized that it is the substance of the dispute, not its name, that controls the right to jury trial. When the two-part test in *Tull* is met, it should not and does not matter that a defendant has interposed an affirmative defense or counterclaim. As explained by *Lockwood*, when the plaintiff chooses only equitable relief, historically, even claims of invalidity "ordinarily would be tried to the bench." *Lockwood*, 50 F.3d at 976.

Thus where, as here, Samsung has brought only equitable claims seeking equitable relief, the nature of the action and the relief sought is equitable. When both of these factors show that the case presented is one of equity, the Supreme Court's guidance in *Tull*, as well as the subsequent application of that guidance to patent cases in *Lockwood* and *Tegal*, show that this action is solely equitable in nature and that no trial to a jury is necessary regardless of whether

---

[7] Two other district courts have applied the reasoning in *Lockwood* to grant a jury trial to a defendant who raised the defense of invalidity by way of counterclaim, even when the plaintiff has sought only equitable relief. *See Warner-Lambert Co. v. Purepac Pharmaceutical Co.*, No. Civ. A. 98-2749(JCL), 2001 WL 883232 (D. N.J. Mar. 30, 2001) *and Hoechst Marion Roussel, Inc. v. Par Pharmaceutical, Inc.*, Civ. No. 95-3673, 1996 WL 468593 (D. N.J. Mar. 14, 1996). However, both of those courts adjudicated this issue *before* the Federal Circuit issued *Tegal* in July of 2001, and therefore were without the Federal Circuit's most recent guidance on this point, which reemphasizes the standards set out in *Tull* (the nature of the action and the remedy sought) are the ultimate controlling factors in whether a jury trial is required. Since the issuance of *Tegal* only one court other than *Glaxo* has considered this issue. *See Minnesota Mining & Mfg. v. Alphapharm Pty. Ltd.*, No. Civ. 99-13, 2002 WL 1352426 (D. Minn. Mar. 20, 2002). However, the legal analysis in that case was cursory (the court did not cite to *Tegal* or *Lockwood*), the court did not explain the nature of the defendant's counterclaims that demanded a trial by jury (for example, the claims could have been non-patent related), and only noted that circumstances had changed throughout the litigation that would permit Defendant to market its product (and presumably potentially cause plaintiff damages in the absence of the preliminary injunction which had been denied by the court). *See id.* at *3. That case is very different from this action in which no facts have changed throughout the litigation and where Samsung, notwithstanding SanDisk's infringing sales, has steadfastly sought only equitable relief.

the defendant raises issues of invalidity or the like by way of affirmative defense or counterclaim.

## II.    PRAYER

For all of the foregoing reasons, Samsung respectfully requests the Court to strike SanDisk's demand for jury trial.

Dated:                                                    Respectfully Submitted,


George E. Chandler
Attorney-In-Charge for Plaintiff
Samsung Electronics Co., Ltd.
State Bar No. 04094000
Chandler Law Offices
207 E. Frank Poland Professional Building
P.O. Box 340
Lufkin, Texas 75902
Telephone: (936) 632-7778
Facsimile: (936) 632-1304
E-mail: gchandler@chandlerlawoffices.com


OF COUNSEL:

THE LAW OFFICES OF CLAYTON E. DARK, JR.
Clayton E. Dark, Jr.
State Bar No. 05384500
P.O. Box 2207
Lufkin, Texas 75902
Telephone: (936) 637-1733
Facsimile: (936) 637-2897

THE RICHARDS LAW FIRM
R.W. ("Ricky") Richards
State Bar No. 16854100
P.O. Box 1309
Jacksonville, Texas 75766
Telephone:  (903) 586-2544
Facsimile:  (903) 586-6529

THE LAW OFFICES OF CLAUDE E. WELCH
Claude E. Welch
State Bar No. 21120500
P.O. Box 1574
Lufkin, Texas 75902
Telephone: (936) 639-3311
Facsimile:  (936) 639-3049

WEIL, GOTSHAL & MANGES LLP
David J. Healey
State Bar No. 09327980
Anita E. Kadala

State Bar No. 00786007
700 Louisiana, Suite 1600
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
E-mail: david.healey@weil.com
E-mail: anita.kadala@weil.com

## CERTIFICATE OF CONFERENCE

Counsel for Samsung have conferred with opposing counsel in a good faith attempt to resolve this matter without court intervention, and were unable to reach an agreement. This motion is, consequently opposed.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on June 25, 2002, on the following:

Tracy Crawford
Eric H. Findlay
RAMEY & FLOCK, P.C.
100 E. Ferguson St.
500 First Place
Tyler, TX  75702
Telephone:  903- 597-3301
Facsimile:  903- 597-2413

Michael A. Ladra
James C. Ottesen
James C. Yoon
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA  94304-1050
Telephone:  903- 493-9300
Facsimile:  903- 565-5100

Sam Baxter
McKool Smith
Suite 1500
300 Crescent Court
Dallas, TX  75201
Telephone:  214-978-4016
Facsimile:  214-978-4044

1

1       UNITED STATES DISTRICT COURT
        EASTERN DISTRICT OF TEXAS
2              LUFKIN DIVISION

3
SAMSUNG ELECTRONICS CO.        :      DOCKET NO. 9:02CV58
4                              :
                               :
5  VS.                         :      TYLER, TEXAS
                               :      APRIL 15, 2002
6  SANDISK CORPORATION         :      3:11 P.M.

7
                   SCHEDULING CONFERENCE
8       BEFORE THE HONORABLE JOHN HANNAH, JR.,
             UNITED STATES DISTRICT JUDGE
9

10  APPEARANCES:

11  FOR THE PLAINTIFF:         CLAYTON EDWARD DARK, JR.
                              P.O. BOX 2207
12                            LUFKIN, TEXAS   75902

13                            GEORGE EDMOND CHANDLER
                              REICH CHANDLER
14                            P.O. BOX 340
                              LUFKIN, TEXAS   75901
15
                              CLAUDE EDWARD WELCH
16                            P.O. BOX 1574
                              LUFKIN, TEXAS   75902
17
                              DAVID J. HEALEY
18                            WEIL, GOTSHAL & MANGAS
                              700 LOUISIANA SUITE 1600
19                            HOUSTON, TEXAS   77002

20                            ROBERT WILLIAM RICHARDS
                              P.O. BOX 1309
21                            JACKSONVILLE, TEXAS   75766

22

23  FOR THE DEFENDANT:         TRACY CRAWFORD
                              ERIC FINDLAY
24                            RAMEY & FLOCK
                              P.O. BOX 629
25                            TYLER, TEXAS   75710

EXHIBIT
A
Page 1 of 7

Sam 0012a
COPY

2

```
 1                                    JAMES C. YOON
                                      MIKE LADRA
 2                                    STEVE BACH
                                      WILSON, SONSINI, GOODRICH &
 3                                    ROSATI
                                      650 PAGE MILL ROAD
 4                                    PALO ALTO, CALIFORNIA  94304

 5

 6   COURT REPORTER:                  RON MASON
                                      100 U.S. COURTHOUSE
 7                                    221 W. FERGUSON
                                      TYLER, TEXAS  75702
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   PROCEEDINGS REPORTED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
     PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.
25
```

**EXHIBIT**

A

Page 2 of 7

3

1          THE COURT:  Court calls Samsung Electronics Company

2    versus Sandisk Corporation, Cause Number 9:02CV58.  The purpose

3    of the hearing is to schedule a hearing on an injunction.  I

4    think the pleadings ask for preliminary injunction but the

5    hearing that we'll be talking about today will be a permanent

6    injunction date.  And I rarely find it useful to have a

7    preliminary injunction hearing and then some time later have a

8    permanent injunction hearing or say that they're the same thing

9    later on.

10        Let me get the attorneys for the Plaintiff to identify

11   themselves and then the attorneys for the Defendant to identify

12   themselves.  On my docket sheet, Mr. Dark, it starts with you.

13          MR. DARK:  Clayton Dark representing the Plaintiff.

14          THE COURT:  Mr. Chandler, I believe -- well, maybe

15   I'll just call them off.  George Chandler.

16          MR. CHANDLER:  Yes, sir.

17          THE COURT:  Claude Welch.

18          MR. WELCH:  Here, Your Honor.

19          THE COURT:  Robert Richards.  That's all I have for

20   the Plaintiff.  Who else is there?

21          MR. CHANDLER:  Your Honor, David Healey, Weil,

22   Gotshal and Manges also for the Plaintiff, and my son, Reich

23   Chandler.

24          THE COURT:  How do you spell your last name?

25          MR. HEALEY:  H-E-A-L-E-Y, Your Honor.

```
EXHIBIT

     A
Page 3 of 7
```

22

1        MR. DARK:  May I respond, Your Honor?

2      Your Honor, I believe Mr. Yoon is trying to overstate the

3   complexity of this case.  He referred to other litigation that

4   was before ITC and showing -- stating that we must show you

5   some profitability and so forth, value.  All we have to show is

6   that we use it.  We don't have to show -- that they use it, not

7   us, yes, sir.

8      And with respect to a Markman hearing, Your Honor,

9   that's -- you would decide the claim construction of the

10  patents in a vacuum, and 90 percent of what you would hear in a

11  Markman hearing is what you will hear at the trial anyway.  It

12  would not -- if we had a jury, maybe a Markman hearing might be

13  in order, but it's not in the case to be tried before the

14  Court, and you have the discretion to deny that.

15     We proposed to -- and both sides have proposed to give the

16  Court a tutorial to acquaint you with the technology.

17     Mr. Yoon went through the number of claims that are in

18  these patents, and, Your Honor, we have limited our suit to

19  infringement on the Nand Flash Memory.  That narrows it greatly

20  as to what is concerned in these patents, but we don't mind

21  disclosing the claims that we believe were infringed.  That

22  will limit the case.

23     Likewise, we would like them to disclose those affirmative

24  defenses they really intend to rely on instead of shotgunning

25  their pleading with no facts.  If we each did that, and which

EXHIBIT

A

Page 4 of 7

48

1    they're waiving them and giving up all rights forever, I

2    suppose.

3              MR. LADRA:  Well, do we at least have a waiver of a

4    jury?

5              THE COURT:  We're obviously not going to get a jury

6    if it's just an injunction claim, which is the only thing

7    that's pending now.

8              MR. LADRA:  That's precisely why I asked the

9    question, Your Honor.

10             THE COURT:  All right.

11             MR. LADRA:  I don't want all the sudden the damage

12   claim to creep back in and --

13             THE COURT:  Look, if some type of damages claim

14   creeps back in, it's not going to be able to creep back in.

15   It's going to have to be pled and then a scheduling order would

16   have to be done over, and we will probably be trying this case

17   in 2003 or '04 or '05.  I mean, that's all -- that's a

18   completely different animal.  It's going to have to be pled,

19   proved and before a jury if one is requested.

20             MR. LADRA:  Could I at least ask then in the Court's

21   scheduling order for a date certain by which they have to make

22   their election as to whether they're going to seek damages in

23   this case?

24             THE COURT:  I don't see why that's necessary.

25             MR. LADRA:  Well, what if we have a trial in this

**EXHIBIT**

A

Page 5 of 7

49

1   case and we still don't know whether there's damages?  I mean,

2   are they going to come in afterward and ask for a jury trial on

3   damages?

4            THE COURT:  The only thing -- I don't think a person

5   is required to plead or waive damages when they seek an

6   injunction.  I just am not aware of that theory.

7            MR. LADRA:  Not a preliminary injunction, Your Honor,

8   but if they're --

9            THE COURT:  Permanent injunction.

10           MR. LADRA:  Well, I believe that there's case law--

11           THE COURT:  Look, if there's case law to that effect,

12   then you're home free.  If I issue a permanent injunction and

13   they come back and seek damages, you can show them the case,

14   the Judge of the case who has it.

15           MR. LADRA:  I'm less concerned if there's a trial

16   because I'm certain of the law in which case it's over.  They

17   can't come back and seek damages.  What I'm more concerned

18   about is at some point prior to trial, moving, you know, to

19   come in and all the sudden we're facing a damages claim.  They

20   say, well, we've done the discovery.  We've only got three days

21   of damages discovery.

22           THE COURT:  Well, obviously that's not going to

23   happen.  I mean, they may say that but that's not going to

24   happen in this court.  If somebody pleads and it's suddenly a

25   full blown jury trial with damages being pled, everybody is

**EXHIBIT**

**A**

**Page 6 of 7**

50

1  going to get plenty of time to do -- open discovery back up and

2  do what's necessary to get ready for that trial.

3          MR. LADRA:  If that's the case, Your Honor, then

4  that's okay with me.  I just was hoping that we could get some

5  date certain by which we would know.

6          THE COURT:  I don't think I can do anything like

7  that.  I think it's outside my writ to be able to tell somebody

8  they can't plead for damages in an injunction hearing, in a

9  court of equity.  I don't think I can restrict them to doing

10 that.  They've got the right to decide when and if they do have

11 any damages.

12         MR. LADRA:  Okay.  Accepting that as true, Your

13 Honor, it's still the case that in this case I think you have

14 the right to demand that the party make an election as to

15 whether they're going to proceed --

16         THE COURT:  I'm not going to do that.  Like I told

17 you earlier, which you seemed to take some comfort in, is if it

18 is going to be pled, you're going to have plenty of time to do

19 discovery.  A new scheduling order will be entered.  Things

20 will almost begin over, because, like I told you earlier, this

21 is going to be probably more abbreviated than you're used to.

22 But if they plead for damages, it's going to be -- you know,

23 we're going to go back to full discovery, open up disclosure

24 again.

25         MR. LADRA:  Okay, Your Honor.



**EXHIBIT**

A

Page 7 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

SAMSUNG ELECTRONICS CO., LTD.,           §
                                          §
            Plaintiff and                 §
            Counterdefendant,             §
                                          §
                                          §      CIVIL ACTION NO. 9:02cv58
      v.                                  §      Judge Hannah
                                          §
SANDISK CORPORATION,                      §
                                          §
            Defendant and                 §
            Counterplaintiff.             §

## [PROPOSED] ORDER GRANTING PLAINTIFF SAMSUNG'S MOTION TO STRIKE DEFENDANT SANDISK'S DEMAND FOR JURY TRIAL

On this day the Court considered SAMSUNG ELECTRONICS CO., LTD.'S MOTION

TO STRIKE SANDISK CORPORATION'S DEMAND FOR JURY TRIAL.  After considering

the motion and the response, the Court

GRANTS the motion and ORDERS the case tried without a jury.

SIGNED this ____ day of _____, 2002.


                                          _____
                                          Hon. John Hannah, Jr.
                                          United States District Judge

FORM APPROVED & ENTRY REQUESTED:

George E. Chandler
Attorney-In-Charge for Plaintiff
Samsung Electronics Co., Ltd.
State Bar No. 04094000
Chandler Law Offices
207 E. Frank Poland Professional Building
P.O. Box 340
Lufkin, Texas 75902
Telephone: (936) 632-7778
Facsimile: (936) 632-1304
E-mail: gchandler@chandlerlawoffices.com